# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

COLISTER SLATER,
           Appellant,

       v.

DEPARTMENT OF HOMELAND
    SECURITY,
           Agency.

DOCKET NUMBER
SF-3443-15-0322-I-1

DATE: January 21, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Colister Slater</u>, San Bernardino, California, pro se.

<u>Laurie K. Simonson</u>, Esquire, San Francisco, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1       The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We REVERSE the administrative judge's finding that the Board lacks jurisdiction over the agency's decision to deny the appellant's claim for law enforcement officer (LEO) retirement credit under the Federal Employees' Retirement System (FERS), and AFFIRM the agency's denial of LEO retirement credit on the merits. We further AFFIRM the administrative judge's finding that the Board lacks jurisdiction over the appellant's remaining claims.[2]

---

[2] The appellant has since filed a supplemental pleading, to which the agency has responded. The Board's regulations do not allow for pleadings on review other than a petition for review, a cross petition for review, a response to a petition for review or cross petition for review, and a reply to a response to a petition for review. 5 C.F.R. § 1201.114(a). No other pleading will be accepted unless the party files a motion with and obtains leave from the Clerk of the Board. 5 C.F.R. § 1201.114(a)(5). The motion must describe the nature of and the need for the pleading. *Id.* Here, the appellant asserts that his supplemental pleading is based on new and material evidence that was not previously available. However, while some of the attached documents are dated after the close of record on review, we find that none of them is material to the outcome of this appeal. Accordingly, we give no further consideration to the appellant's supplemental pleading or the agency's response thereto.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge did not abuse his discretion in denying the appellant's request for class certification.</u>

¶2    On review, the appellant contests the administrative judge's decision to deny his request for class certification.  The Board's class action regulations provide that, when an appellant requests class certification, "[t]he judge will hear the case as a class appeal if he or she finds that a class appeal is the fairest and most efficient way to adjudicate the appeal and that the representative of the parties will adequately protect the interests of all parties." 5 C.F.R. § 1201.27(a). They further provide that "[i]n determining whether it is appropriate to treat an appeal as a class action, the judge will be guided but not controlled by the applicable provisions of the Federal Rules of Civil Procedure." 5 C.F.R. § 1201.27(c).  Federal Rule of Civil Procedure 23(a) sets out the following prerequisites for a class action:

> (a) <u>Prerequisites</u>. One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

¶3    We find that the administrative judge did not abuse his discretion in denying the appellant's request for class certification. *See Bacon v. Department of Housing & Urban Development*, 20 M.S.P.R. 408, 416 (1983) (explaining that administrative judges are granted broad discretion in connection with class action orders), *aff'd*, 757 F.2d 265 (Fed. Cir. 1985).  First, the appellant did not file a brief in support of his request by the deadline set forth in the administrative judge's February 13, 2015 Order to Show Cause.  Initial Appeal File (IAF),

Tab 3.  Moreover, the administrative judge could have reasonably concluded that the prerequisites for class certification were not satisfied in any event, because the proposed class of 21 was not so numerous that joinder would have been impracticable.  *See, e.g.*, *NAVFAC Employees–Hawaii v. Department of the Navy,* MSPB Docket No. SF-0752-14-0265-I-1 (consolidation of 55 appeals). Accordingly, we will not disturb the administrative judge's decision to deny class certification.

The Board has jurisdiction over the agency's denial of the appellant's request for LEO retirement credit.

The Board has jurisdiction over a claim for FERS LEO retirement credit under 5 U.S.C. § 8461(e)(1), which provides that "an administrative action or order affecting the rights or interests of an individual or of the United States under the provisions of this chapter administered by the Office [of Personnel Management] may be appealed to the Merit Systems Protection Board under procedures prescribed by the Board."  *Slater v. General Services Administration*, 95 M.S.P.R. 378, ¶ 10 (2004), *overruled on other grounds by McNeil v. Department of Defense*, 100 M.S.P.R. 146 (2005).  The agency has not issued a decision concerning the appellant's request for LEO retirement credit since August 24, 2001, when it issued the denial letter that led to his 2001 Board appeal.  Initial Appeal File (IAF), Tab 15 at 41.  However, the appellant has since renewed his request for LEO retirement credit, citing an alleged change in the duties of his position.  Under these circumstances, to dismiss his appeal for lack of jurisdiction based on the agency's failure to issue a new decision would effectively prevent him from obtaining adjudication of his claim.  *Cf. McLaughlin v. Office of Personnel Management*, 62 M.S.P.R. 536, 546 (1994) (finding jurisdiction over retirement appeal where the agency's failure to issue a decision on the appellant's retirement application amounted to a constructive denial), *aff'd*, 47 F.3d 1171 (Fed. Cir. 1995) (Table).   We therefore find that the appellant's claim for LEO retirement credit lies within our jurisdiction.

¶4  Under 5 C.F.R. § 842.804(c), an employee must file a formal, written request for LEO coverage within 6 months after entering the position in question, or within 6 months of any significant change in the position. The regulation further provides that failure to make a timely request will result in a presumption that the agency head's determination of noncoverage was correct, unless the employee can show by a preponderance of the evidence that he was unaware of his status or that he was prevented from making a timely request by cause beyond his control. *Id.* However, compliance with the 6-month time limit of section 842.804(c) is not a jurisdictional requirement. *See Slater*, 95 M.S.P.R. 378, ¶ 10; *Trivett v. Department of the Navy*, 83 M.S.P.R. 61, ¶ 5 (1999). In any event, the regulatory 6-month time limit is deemed to be waived unless the agency denies coverage on that basis. *Slater*, 95 M.S.P.R. 378, ¶ 11; *Trivett*, 83 M.S.P.R. 61, ¶ 5. While the agency in this case has not issued a formal decision on the merits, as occurred in *Trivett* and the appellant's previous appeals, it nonetheless has declined to invoke the 6-month time limit, and we give it no further consideration.

The agency's denial of LEO retirement credit is affirmed.

¶5  To qualify for LEO retirement coverage under FERS, an employee must show that the duties of his position are primarily: "(I) the investigation, apprehension or detention of individuals suspected or convicted of offenses against the criminal laws of the United States, or (II) the protection of officials of the United States against threats to their personal safety." 5 U.S.C. § 8401(17)(A)(i). In addition, the employee must show that the duties of the position are: "sufficiently rigorous that employment opportunities should be limited to young and vigorous individuals." 5 U.S.C. § 8401(17)(A)(ii). Thus, an employee seeking FERS LEO retirement credit must satisfy a two-prong test that the duties of his position are: (1) primarily those described under 5 U.S.C. § 8401(17)(A)(i)(I) or (II), and (2) so rigorous as to be limited to young and

physically vigorous individuals as required by 5 U.S.C. § 8401(17)(A)(ii). *Slater*, 95 M.S.P.R. 378, ¶ 14.

¶6 In his 1998 appeal, the Board found that the appellant was not entitled to FERS LEO retirement credit because, regardless of whether his duties as a Federal Protective Service (FPS) Police Officer were so rigorous as to be limited to young and physically vigorous individuals, they were not primarily LEO in nature, i.e., duties covered under 5 U.S.C. § 8401(17)(A)(i)(I) or (II). *Slater v. General Services Administration*, MSPB Docket No. SF-0842-98-0670-I-2, Initial Decision (Apr. 1, 1999), *petition for review denied sub nom. Goldsmith v. General Services Administration*, MSPB Docket No. SF-0842-98-0650-I-2, Final Order (Nov. 5, 1999), *aff'd*, *Slater v. General Services Administration*, 250 F.3d 762 (Fed. Cir. 2000) (Table). In his 2001 appeal, the Board again affirmed the agency's denial of FERS LEO retirement credit, finding that the appellant was collaterally estopped from relitigating the issue of whether the duties of his FPS Police Officer position were primarily LEO in nature. *Slater*, 95 M.S.P.R. 378, ¶¶ 16-17.

¶7 The appellant contends that the prior Board decisions are no longer relevant because the duties of his FPS Police Officer position have since been changed as a result of the following statutes and directives: (1) the Law Enforcement Officers Safety Act of 2004 (LEOSA), as amended by the Law Enforcement Officers Safety Act Improvements Act of 2010; (2) the Homeland Security Act of 2002 (HSA), specifically, the portion codified at 40 U.S.C. § 1315; and (3) Homeland Security Presidential Directive 7 (HSPD-7), issued on December 17, 2003. However, the appellant has not shown that the duties of his position have been altered by these provisions. The LEOSA, as amended, includes a definition of the term "qualified law enforcement officer" for purposes of determining eligibility to carry a concealed firearm, *see* 18 U.S.C. § 926B, but the definition applies only to that section, and does not pertain to the question of whether the appellant's duties are primarily duties covered under 5 U.S.C. § 8401(17)(A)(i)(I)

or (II). As for the HSA, 40 U.S.C. § 1315 provides the Secretary of Homeland Security with the authority to designate FPS employees as officers and agents to protect Federal property and persons on that property, but the appellant has not offered any evidence that his duties as an FPS Police Officer have been expanded pursuant to that authority. Similarly, the appellant has not shown that his primary duties were altered pursuant to HSPD-7, which set out a national policy for Federal departments and agencies to protect critical infrastructures and key resources from terrorist attacks. Because the appellant has failed to show that the duties of his FPS Police Officer position are now covered by 5 U.S.C. § 8401(17), we affirm the agency's denial of LEO retirement credit.[3]

### The administrative judge correctly found that the Board lacks jurisdiction over the appellant's remaining claims.

¶8 The appellant also seeks to contest the agency's denial of his request for promotion to the GS-12/13 level. However, the Board does not have jurisdiction over all agency actions that are alleged to be incorrect. *Preece v. Department of the Army*, 50 M.S.P.R. 222, 226 (1991). The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). Generally, the Board lacks jurisdiction over denials of promotion or classification matters. *Frazer v. Department of the Navy*, 15 M.S.P.R. 376, 377 (1983).

¶9 In some cases, a failure to promote may be appealable to the Board under the individual right of action (IRA) appeal provisions of the Whistleblower Protection Act, as amended by the Whistleblower Protection Enhancement Act of 2012.[4] The Board has jurisdiction over an IRA appeal if the appellant exhausts

---

[3] To the extent the appellant may contend that his duties were primarily LEO in nature at the time of his prior Board appeals, he is collaterally estopped from relitigating that issue. *See Slater*, 95 M.S.P.R. 378, ¶ 16.

[4] The Board also may have jurisdiction over a claim that a denial of promotion was the result of discrimination based on uniformed service or in violation of the employee's veterans' preference rights, but the appellant has not made such an allegation here.

his administrative remedies before the Office of Special Counsel (OSC) and makes nonfrivolous allegations that: (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). 5 U.S.C. §§ 1214(a)(3), 1221(e)(1); *Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 6 (2014). The Board's jurisdiction in such cases is limited to issues raised before OSC. *Coufal v. Department of Justice*, 98 M.S.P.R. 31, 38 (2004).

¶10 Here, the appellant filed a complaint with OSC in which he alleged that the agency took various actions against him, including the denial of promotion, in retaliation for protected disclosures and for his prior equal employment opportunity (EEO) complaints, Board appeals, and complaints to the agency's Office of Inspector General (IG). IAF, Tab 10, Exhibit L. However, the administrative judge found that, to the extent the appellant had exhausted his remedies with OSC, he failed to nonfrivolously allege that he made protected disclosures that were a contributing factor in a personnel action. IAF, Tab 27, Initial Decision (ID) at 13-25. He further found that the appellant's EEO complaints and Board appeals were not covered under 5 U.S.C. § 2302(b)(9)(A)(i), because they did not concern alleged violations of 5 U.S.C. § 2032(b)(8), and that, to the extent his IG complaints may have been covered under 5 U.S.C. § 2302(b)(9)(C), he failed to make a nonfrivolous allegation that they were a contributing factor in a personnel action. ID at 25-28. The appellant does not address these findings in his petition for review, and we discern no error in the administrative judge's analysis.

¶11 Because the denial of promotion is not an otherwise appealable action, we also lack jurisdiction to adjudicate the appellant's affirmative defenses, including his claims of discrimination. *See Young v. U.S. Postal Service*, 115 M.S.P.R. 424, ¶ 15 (2010). Finally, to the extent the appellant alleges wrongdoing on the

part of the agency representative, we find that his allegations are either without merit or outside the scope of these proceedings.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must receive your petition for review within 60 days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both.  Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our

website, http://www.mspb.gov/appeals/uscode/htm.  Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.  Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:              _____

                            William D. Spencer
                            Clerk of the Board

Washington, D.C.